IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| Dennis A. Kovalsky, | ) | |
| | ) | Judge Deborah L. Thorne |
| Debtor | ) | |
| _____ | ) | |
| | ) | Case No. 16 B 12928 |
| Phillip D. Levey, not individually, but | ) | |
| solely as Trustee of the Chapter 7 Bank- | ) | |
| ruptcy Estate of Dennis A. Kovalsky, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 18 A 00062 |
| | ) | |
| Linda M. Kovalsky, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

Shanna M. Kaminski
Varnum, LLP
160 W. Fort St., 5th Floor
Detroit, MI 48226

Karen V. Newbury
Frankgecker, LLP
1327 West Washington Blvd., Suite 5G-H
Chicago, IL 60607

    PLEASE TAKE NOTICE that on April 16, 2019, at the hour of 10:00 a.m., or as soon thereafter as counsel can be heard, the undersigned will appear before the Honorable Deborah L. Thorne, Bankruptcy Judge, in Courtroom No. 613, 219 S. Dearborn Street, Chicago, Illinois, and then and there present the attached Plaintiff's Motion to Enter Judgment Or, in the Alternative, Extend Time to Reply to Defendant's Limited Response to Plaintiff's Motion for Judgment on the Pleadings as to Defendant's Counterclaims. At which time and place you may appear if you see fit.
    The aforesaid Notice of Motion and Motion were served by filing the same with CM/ECF, the Court's electronic-filing system, on April 8, 2019.

Phillip D. Levey
2722 North Racine Avenue
Chicago, IL 60614
(773) 348-9682

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| Dennis A. Kovalsky, ) | |
| ) | Judge Deborah L. Thorne |
| Debtor ) | |
| _____ ) | |
| ) | Case No. 16 B 12928 |
| Phillip D. Levey, not individually, but ) | |
| solely as Trustee of the Chapter 7 Bank- ) | |
| ruptcy Estate of Dennis A. Kovalsky, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary No. 18 A 00062 |
| ) | |
| Linda M. Kovalsky, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION TO ENTER JUDGMENT OR, IN THE ALTERNATIVE, EXTEND TIME TO REPLY TO DEFENDANT'S LIMITED RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO DEFENDANT'S COUNTERCLAIMS**

Phillip D. Levey, not individually, but solely as trustee of the above captioned Chapter 7 bankruptcy estate, respectfully represents as follows:

## BACKGROUND

1. On February 14, 2019, Plaintiff presented his Motion for Judgment on the Pleadings as to Defendant's Counterclaims as to Counts I, II, III and IV of the Complaint ("Plaintiff's Judgment Motion").

2. At said initial hearing, Defendant appeared in the person of Scott Clar of the law firm of Crane, Simon, Clar & Dan of Chicago, Illinois.

3. At Mr. Clar's request, this Court granted Defendant thirty (30) days to respond to Plaintiff's Judgment Motion. Plaintiff was granted twenty-one (21) days to reply.

4. Defendant did not seek an extension of time to file her response and no order was entered extending said time.

5. On March 18, 2019, Defendant filed her Motion for An Order Dismissing Counterclaims ("Defendant's Motion"). Based on communications with Defendant's current counsel, it is Plaintiff's understanding that Defendant seeks a dismissal of the counterclaims without prejudice so that they may be litigated at a later date in this case. Further, Defendant's Motion does not offer to pay this estate's costs for Plaintiff's Judgment Motion.

6. In pertinent part, Defendant's Motion also states that:

"Linda advised her former counsel on multiple occasions that she had no interest in asserting any [Counterclaims], but her former counsel [Neville Reid and Brian Wilson] filed the Counterclaims anyway." See Defendant's Motion, Paragraph No. 1.

7. Defendant thereby squarely pins the blame for filing the Counterclaims solely on her former counsel. Ostensibly, Defendant did so in an effort to avoid the imposition of any costs against her in the event Defendant's Motion to Dismiss Counterclaims is granted and to shift such costs to her former counsel.

8. Defendant's Motion also states that:

"Linda [Defendant] expressly reserves any rights she has to object or otherwise respond to the Trustee's Motion for Judgment on The Pleadings if this Motion to Dismiss should not be granted." See Defendant's Motion, Paragraph No. 11.

9. On March 18, 2019, Defendant also filed her Limited Response to Trustee's Motion for

Judgment on The Pleadings ("the Limited Response"). The Limited Response is less than one (1) page long and by way of argument merely incorporates Defendant's Motion by reference.

10. The Limited Response also "... requests that, should any fuller response to the Pleadings be necessary, she [Defendant] be allowed to make it at a time set by the Court."

11. On March 29, 2019, Plaintiff served, via e-mail and U.S. Mail, his Second Request for Production of Documents seeking all documents relating to or pertaining to communications by and between Neville Reid and/or Brian Wilson and Defendant relating to the assertion of or filing of counterclaims by Defendant in this case.

12. On April 1, 2019, Plaintiff also served, via e-mail and UPS, a Subpoena to Produce Documents on Neville Reid and Brian Wilson seeking all documents relating to or pertaining to communications by and between Neville Reid and/or Brian Wilson and Defendant relating to the assertion of or filing of counterclaims by Defendant in this case.

13. On April 3, 2019, Defendant filed her Amended Motion for An Order Dismissing Counterclaim ("Defendant's Amended Motion").

14. Defendant's Amended Motion is essentially identical to her original motion with one exception. Instead of blaming her former counsel for filing the Counterclaims over her multiple objections, she now states that:

"Linda [Defendant] had initially advised her former counsel that she had no interest in asserting any claims, but after further analysis and consultation with that counsel she ultimately agreed to the filing of the Counterclaim." See Defendant's Amended Motion, Paragraph No. 1.

15. Given the timing of Defendant's Amended Motion, Plaintiff and this Court are left to

wonder whether Defendant's changed account of how the Counterclaims came to be filed is due to Plaintiff's aforesaid discovery requests for documents regarding communications between Defendant and her former counsel as to the Counterclaims. A scenario which itself raises multiple serious issues.

16. Defendant's Amended Motion again also states that:

"Linda [Defendant] expressly reserves any rights she has to object or otherwise respond to the Trustee's Motion for Judgment on The Pleadings if this Motion to Dismiss should not be granted." See Defendant's Amended Motion, Paragraph No. 11.

## ARGUMENT

17. By Defendant's repeated statements that she reserves the right to object or otherwise respond to Plaintiff's Motion for Judgment on The Pleadings as well as requests to file a fuller response, it is clear that Defendant does not intend for this Court or Plaintiff to deem her Limited Response to Trustee's Motion for Judgment on The Pleadings to actually be treated as her Response. A tactic which prevents Plaintiff from filing a meaningful reply thereto.

18. As a result, it is also clear that Defendant has failed to timely file a Response and has not sought an extension of time to do so.

19. Plaintiff therefore submits that it is entirely appropriate for this Court to grant Plaintiff's Motion for Judgment on The Pleadings without further delay.

20. In the alternative, Plaintiff requests that Defendant be required to file her Response by a date certain and that Plaintiff be granted at least twenty-one (21) days to reply thereto.

Wherefore, Plaintiff prays for the entry of an Order in conformity with this Motion and for such other and further relief as may be appropriate.

/s/ Phillip D. Levey
_____
Phillip D. Levey, not individually, but solely as
Trustee of the Chapter 7 Bankruptcy Estate of
Dennis A. Kovalsky

Phillip D. Levey
2722 North Racine Avenue
Chicago, IL 60614
(773) 348-9682

-5-